Provided to Walton CI
On 12.4.24 for Mailing
Date
By (officer initials) SH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
*(Write the District and Division, if any, of the court in which the complaint is filed.)*

Sothal J. Wilson, Jr.
DC # M86-232
Walton Correctional Institution

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

Ricky Dixon, Sec. Fla. Dep't of Correct.;
Asst. Warden Ralph, Walton C.I.;
Colonel Jackson, Walton C.I., et al.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. 3:24cv616-MW-HTC
*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes ☐ No
*(check one)*

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

FILED USDC FLND PN
DEC 9 '24 AM11:46

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: John J. Wilson, JR.

All other names by which you have been known:

ID Number: M86-232

Current Institution: Walton Correctional Institution

Address: 691 Institutional Road
DeFuniak Springs, FL 32433-1831

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Ricky Dixon

Job or Title (if known): Secretary, Fla. Dep't of Corrections

Shield Number:

Employer: Florida Dep't of Corrections

Address: 501 South Calhoun Street
Tallahassee, FL 32399

☒ Individual capacity ☒ Official capacity

Defendant No. 2

Name: Asst. Warden Ralph

Job or Title (if known): Asst. Warden of Walton C.I.

Shield Number: 

Employer: Walton Correctional Inst.

Address: 691 Institutional Road
DeFuniak Springs, FL 32433-1831

☒ Individual capacity ☒ Official capacity

Defendant No. 3

Name: Colonel Jackson,

Job or Title (if known): Colonel of Walton C.I.

Shield Number: 

Employer: Walton Correctional Inst.

Address: 691 Institutional Road
DeFuniak Springs, FL 32433-1831

☒ Individual capacity ☒ Official capacity

Defendant No. 4

Name: Inspector Marquis

Job or Title (if known): Inspector of Walton C.I.

Shield Number: 

Employer: Walton Correctional Institution

Address: 691 Institutional Road
DeFuniak Springs, FL 32433-1831

☒ Individual capacity ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

§20.055 Fla. Stat.; 5th & 14th Amendments of the U.S. Constitution; Any & All Federal PREA Statutes; & Monell Claim. *See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Not Applicable

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

* See Attached

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* ______________________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

* NOT APPLICABLE

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

ON 11/15/24 @ APPROX 10:00 PM IN CELL H1 120 OF ADMINISTRATIVE CONFINEMENT OF WALTON CORRECTIONAL INSTITUTION.

C. What date and approximate time did the events giving rise to your claim(s) occur?

ON 11/15/2024 AT APPROX. 10:00 PM OF CELL #H1 120 OF ADMINISTRATIVE CONFINEMENT AT WALTON C.I.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

* SEE ATTACHED

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

BITE MARKS IN MY HEAD, WHICH REQUIRED TETANUS SHOTS & ANTIBIOTICS; PUNCTURE WOUNDS THROUGHOUT MY BODY CAUSED BY AN IMPROVISED SHANK; BROKEN NOSE & SEVERE BRUISING, AND HEAD INJURIES, WHICH REQUIRE RECURRING VISITS TO MEDICAL & PRESCRIPTION OF PAIN KILLERS; BLURRY VISION IN BOTH EYES.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

MONELL CLAIM, TO BE TRANSFERRED OUTSIDE JURISDICTION OF NORTHERN FLORIDA, AND PUNITIVE & COMPENSATORY RELIEF IN A MONETARY AMOUNT TO BE DETERMINED AFTER COUNSEL IS APPOINTED, FOR PERMANENT HEAD & VISION INJURIES, AND SATISFACTION OF PREA CLAIM.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

WALTON CORRECTIONAL INSTITUTION

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

PREA, ALTHOUGH NO INCIDENT REPORTS WERE EVER FILED, THE INSPECTOR FAILED TO INVESTIGATE OR NOTIFY LOCAL AUTHORITIES FOR THE FILING OF CRIMINAL CHARGES AGAINST THE ASSAILANT.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes ALL INFORMAL GRIEVANCES WERE FAILED TO BE RETURNED, AND FORMAL GRIEVANCES COVERING PREA COMPLAINTS WERE FAILED TO BE ACKNOWLEDGED OR RESPONDED TO, BY RICKY DIXON SEC. OF THE FLA. DEP'T OF CORRECTIONS HOME OFFICE AT 501 S. CALHOUN STREET TALLAHASSEE, FL 32399

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

WITH "SECURITY", "ASST. WARDEN RALPH", "COLONEL JACKSON", AND DIRECTLY TO RICKY DIXON, AT THE FLA. D.O.C. HOME OFFICE, AND INSPECTOR MARQUIS. SEE ATTACHED. NO RESPONSES HAVE BEEN FORTHCOMING.

2. What did you claim in your grievance?

THAT I WAS SEXUALLY ASSAULTED AND STABBED MULTIPLE TIMES, AND THAT MY PERSONAL SAFETY IS IN JEOPARDY BY REMAINING AT THIS CAMP.

3. What was the result, if any?

THE ONLY RESPONSE I RECEIVED WAS FROM ASST. WARDEN RALPH, DIRECTING ME TO CONTACT INSPECTOR MARQUIS, TO NO AVAIL. HE HAS YET TO RESPOND, DESPITE MULTIPLE ATTEMPTS.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

THE PROCESS IS 100% COMPLETED TO THE EXTENT I FILED ALL REQUIRED INFORMAL GRIEVANCES, AND FAILED TO RECEIVE A RESPONSE; AND FORMAL GRIEVANCES TO ASST. WARDEN & SECRETARY OF D.O.C. ALSO FAILING TO RECEIVE A RESPONSE.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
I FILED ALL REQUIRED GRIEVANCES, BOTH INFORMAL & FORMAL.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:
I ALSO INFORMED ALL MENTAL HEALTH PROFESSIONALS OF WALTON CORRECTIONAL INSTITUTION.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
I HAVE PREVIOUSLY GRIEVED THE FACT THAT THE GRIEVANCE PROCESS OF WALTON C.I. IS IRRETRIEVABLY BROKEN.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* – SEE ATTACHED.

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

- [x] Yes
- [ ] No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Southern District of Florida: 1:15-CV-22098-MBC; 1:16-CV-20651-KMW; 1:16-CV-23571-MBC

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________________

   Defendant(s) ______________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______________________________

3. Docket or index number

   ______________________________

4. Name of Judge assigned to your case

   ______________________________

5. Approximate date of filing lawsuit

   ______________________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. ____________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

____________________________________________________________

____________________________________________________________

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) ________________________________________________

Defendant(s) ________________________________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

____________________________________________________________

____________________________________________________________

3. Docket or index number

____________________________________________________________

4. Name of Judge assigned to your case

____________________________________________________________

5. Approximate date of filing lawsuit

____________________________________________________________

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

______________________________________________

______________________________________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/2, 2024

Signature of Plaintiff [signature]

Printed Name of Plaintiff Scott Wilson, JR.

Prison Identification # M86-232

Prison Address Walton Correctional Inst. 691 Institution Road

DeFuniak Springs, FL 32433-1831

City State Zip Code

### B. For Attorneys

Date of signing: 12/2, 2024

Signature of Attorney ____________________

Printed Name of Attorney ____________________

Bar Number ____________________

Name of Law Firm ____________________

Case 3:24-cv-00614-MW-HTC Document 1 Filed 12/09/24 Page 13 of 28

| | |
|---|---|
| Address | ________________________ |
| Telephone Number | ________________________ |
| E-mail Address | ________________________ |

(CONTINUED)

PART II: BASIS OF JURISDICTION

(1)

D. RICKY DIXON, SEC. OF THE FLA. DEP'T OF CORRECTIONS, ACTED UNDER THE COLOR OF STATE LAW, BY &-THROUGH REFUSING TO ANSWER, RESPOND TO, OR ACKNOWLEDGE PREA INCIDENT THAT OCCURRED ON 11/15/24 IN CELL H1120 OF ADMINISTRATIVE CONFINEMENT AT WALTON CORRECTIONAL INSTITUTION, IN DEFUNIAK SPRINGS, FLA. ALL FORMAL GRIEVANCES FILED WITH HIS OFFICE HAVE BEEN MET BY "NON-RESPONSE" IN CONTRADICTION TO THE GRIEVANCE PROCESS ESTABLISHED BY THE FLA. DEP'T OF CORRECTIONS, REGARDING PREA INCIDENTS. THIS INCIDENT, TO THE BEST OF MY KNOWLEDGE & BELIEF, IS FAILING TO BE RECORDED VIA "INCIDENT REPORT" OR INVESTIGATED IN ANY MEANINGFUL WAY BY THE HOME OFFICE OF RICKY DIXON, OR THE INSTITUTION ON SITE AS WOULD CUSTOMARILY BE REQUIRED REGARDING SUCH INCIDENTS REGARDING PREA. *SEE MONROE V. PAPE, 365 U.S. 167 (1961).

(2)

POLICE CHIEF DEFUNIAK SPRINGS, FL; PLAINTIFF MADE MULTIPLE EFFORTS THROUGH REQUESTS TO FILE FORMAL, OUTSIDE CHARGES AGAINST THE ASSAILANT RESPONSIBLE FOR THE SEXUAL ASSAULT, YET ALL ENTREATIES TO THE INSTITUTION FOR THE LOCAL POLICE TO BE DULY NOTIFIED SO SUCH A POLICE REPORT COULD

DOCUMENTED & FILED, FAILED TO BE ACKNOWLEDGED. ALL MENTAL HEALTH PROFESSIONALS NOTIFIED OF THE SEXUAL ATTACK OCCURRING ON 11/15/24 AT WALTON C.I., HAVE CONFIRMED THEIR FULFILLMENT OF THEIR OBLIGATION TO INFORM SENIOR WALTON ADMINISTRATIVE STAFF OF THE DESIRE OF PLAINTIFF TO PRESS OUTSIDE LOCAL CHARGES AGAINST ASSAILANT, BUT ALL MENTAL HEALTH STAFF AT WALTON CONFIRM THEIR REQUESTS HAVE BEEN WITH "DELIBERATE INDIFFERENCE." SEE UNITED STATES V. MUNIZ, 374 U.S. 150 (1963).

THIS CLAIM NAMING THE DEFUNIAK SPRINGS POLICE CHIEF ALSO AS A DEFENDANT IN BOTH HIS INDIVIDUAL & OFFICIAL CAPACITY MAY BE DEEMED A "MONELL CLAIM," WHERE THE PREA LAW WAS EXPANDED TO INCLUDE MEMBERS OF THE MUNICIPAL AND CITY GOVERNMENTS. * SEE MONELL V. NEW YORK DEP'T OF SOCIAL SERVICES, 436 U.S. 658 (1978).

(3) ASST. WARDEN RALPH WAS NOTIFIED VIA INFORMAL GRIEVANCE PROCEDURE OF THE PREA INCIDENT OCCURRING ON 11/15/24 BUT THE GRIEVANCE WAS FAILED TO BE PROPERLY RESPONDED TO, WHEREBY SHE TREATED THE "INFORMAL GRIEVANCE" AS AN "INMATE REQUEST" AND SIMPLY DIRECTED ME TO CONTACT INSPECTOR MARQUIS. THIS WAS A VIOLATION OF INFORMAL GRIEVANCE PROCEDURE AS MANDATED THROUGH THE

RULES GOVERNING THE ADMINISTRATIVE CODE OF THE FLA. DEP'T OF CORRECTIONS, CHAPTER 33 POLICY. FORMAL GRIEVANCES WERE ALSO SUBSEQUENTLY FILED TO BOTH WARDEN OF WALTON C.I., T. KNIGHT, AND ASST. WARDEN RALPH, BUT ALL SUCH SUBSEQUENT GRIEVANCES WERE FAILED TO BE EITHER ACKNOWLEDGED OR RESPONDED TO. ASST. WARDEN RALPH ACTED UNDER THE COLOR OF STATE LAW TO BE NAMED AS A DEFENDANT IN THIS COMPLAINT, PURSUANT TO *MONROE V. PAPE, 365 U.S. 167 (1961).

(4.) COLONEL JACKSON, "OVER SEEING SECURITY" AT WALTON C.I. AT THE TOP OF THE CHAIN OF COMMAND AS THE HIGHEST RANKING OPERATING OFFICER OF WALTON C.I., IT IS JACKSON'S PRACTICE TO COERCE INMATES IN CONFINEMENT BY CREATING DANGEROUS & CARELESS CONDITIONS BY PLACING INMATES IN HAZARDOUS SITUATIONS IN ROOMS WITH PSYCHOTIC AND DISTURBED INMATES, AND THEN PUTTING THE CELL ON "STRIP" WHEREBY ALL CLOTHING, HYGIENE, BLANKET, AND SLEEPING MATTRESSES ARE REMOVED FROM THE CELL.

I INFORMED PSYCH. COUNSELOR OF IMMINENT THREAT THE AFTERNOON OF 11/15/24, BUT JACKSON ADVISED I SHOULD NOT BE MOVED FROM THE CELL WHERE THE SEXUAL ASSAULT HAD TAKEN PLACE LATER THAT EVENING. THESE FACTS CAN BE CONFIRMED BY THE PSYCHOLOGICAL PROFESSIONALS AT WALTON WHO MEMORIALIZED

COLONEL JACKSON'S BEHAVIOR FOR THE OFFICIAL RECORD OF INTERNAL NOTES DOCUMENTING THE SEXUAL ASSAULT ON 11/15/24.

IT IS COLONEL JACKSON'S INFORMAL POLICY TO HAVE ALL WALTON OFFICERS SYSTEMATICALLY IGNORE ALL INFORMAL GRIEVANCES, TO PREVENT SUCH MERITORIOUS COMPLAINTS FROM REACHING THE HIGHER ECHELON MANAGEMENT POSITIONS OF HOME OFFICE OF THE FLA. DEP'T OF CORRECTIONS, AT 501 S. CALHOUN STREET, IN TALLAHASSEE.

ALL INFORMAL GRIEVANCES SUBMITTED DIRECTLY TO COLONEL JACKSON REGARDING THIS INCIDENT HAVE NEVER BEEN ANSWERED, RESPONDED TO, OR RETURNED, FOR SUBMISSION TO EITHER THE WARDEN OF WALTON C.I., OR THE SECRETARY'S OFFICE IN TALLAHASSEE.

(8.) INSPECTOR MARQUIS, HAVING JURISDICTIONAL RESPONSIBILITY TO INVESTIGATE SUCH INCIDENT OF SEXUAL ASSAULT OCCURRING ON 11/15/24. SEE ATTACHED INFORMAL GRIEVANCE DATE STAMPED BY ASST. WARDEN RALPH, AND RESPONDED TO AS A COMMON "REQUEST," IDENTIFYING INSPECTOR MARQUIS AS THE PRIMARY OFFICIAL RESPONSIBLE FOR INVESTIGATING AND DOCUMENTING SUCH PREA INCIDENTS.

ALL SUBSEQUENT INFORMAL GRIEVANCES SUBMITTED TO INSPECTOR MARQUIS, IN LIEU OF ASST. WARDEN RALPH'S DIRECTIVE HAVE GONE UNANSWERED & UNRESPONDED TO, PREVENTING THE COMPLAINT TO BE APPEALED TO A HIGHER LEVEL OF EITHER WALTON C.I., OR D.O.C HOME OFFICE.

# PART IV: STATEMENT OF CLAIM



(1) ON THE AFTERNOON OF 11/15/24, I MET WITH WALTON MENTAL HEALTH SERVICES PROFESSIONAL TO ADVISE OF A MENTALLY DISTURBED PSYCHOTIC INMATE PLACED IN MY CELL (H1120) OF ADMINISTRATIVE CONFINEMENT.

(2.) COLONEL JACKSON & OTHER WALTON SECURITY STAFF WERE THEN ADVISED OF THE PROBLEM BY WALTON MENTAL HEALTH SERVICES STAFF OF THE NEED OF EITHER I, OR THE INMATE, TO BE MOVED.

(3.) WALTON SECURITY STAFF WERE DELIBERATELY PLACING PSYCHOTIC, VIOLENT, MENTALLY DISTURBED INMATES IN MY CELL TO COERCE ME TO LEAVE ADMINISTRATIVE CONFINEMENT, WHEREBY I HAD PREVIOUSLY REFUSED HOUSING (3) THREE TIMES WITHOUT BEING TRANSFERRED FROM THE INSTITUTION, AGAINST D.O.C. POLICY REQUIRING SUCH A TRANSFER.

(4.) I HAD BEEN SYSTEMATICALLY DEPRIVED OF ALL LAW LIBRARY ACCESS, AND TO ALL INDIGENT LEGAL SUPPLIES, TO CONTACT THE COURTS, CAUSING MY LEGAL DEADLINES TO EXPIRE, AND ALL MY ~~APPS~~ PENDING APPEALS TO BE DISMISSED FOR FAILING TO FILE IN THE TIME ALLOWED BY THE THIRD DISTRICT COURT OF APPEAL, AND U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA. I HAD BEEN TRANSFERRED TO THIS DYSFUNCTIONAL

CAMP OF WALTON C.I. IN DELIBERATE EFFORTS BY THE FLA. DEP'T OF CORRECTIONS TO OBSTRUCT ANY FURTHER LEGAL FILINGS IN MY CASES INVOLVING THE EXPOSURE OF A STATE WIDE MONEY LAUNDERING SCHEME USED TO OMIT AND/OR ALTER ALL PUBLIC RECORDS FROM MY CRIMINAL APPEAL, PAID WITH STATE TAX-PAYER FUNDS THROUGH THE JUSTICE ADMINISTRATIVE COMMISSION ("J.A.C.") IN TALLAHASSEE. I WAS REFUSING HOUSING TO BE TRANSFERRED FROM WALTON C.I. IN ORDER TO BE ABLE TO FILE IN THE PENDING CIVIL & CRIMINAL CASES FROM A LAW LIBRARY AT ANOTHER INSTITUTION.

(5) ON THE EVENING OF 11/15/24 IN THE ADMINISTRATIVE CONFINEMENT WING OF CELL (H'1120) I WAS VIOLENTLY SEXUALLY ASSAULTED BY THE INMATE IN MY CELL WHO I HAD WARNED MENTAL HEALTH SERVICES ABOUT PREVIOUSLY THAT AFTERNOON.

(6.) I WAS REPEATEDLY STABBED BY AN IMPROVISED SHANK WHILE LYING IN BED, WITHOUT WARNING, AND BITTEN IN VARIOUS AREAS OF MY HEAD & NECK, REQUIRING AIDS MEDICATION, ANTI-BIOTICS, AND A TETANUS SHOT.

(7.) OFFICER POSTON TOOK ME OUT OF THE CELL AT APPROXIMATELY 10:15 PM. THE

[illegible]

ASSAULT TOOK PLACE OVER A PERIOD OF 15 MINUTES, WITHOUT ANY HELP OR ASSISTANCE FROM SECURITY DURING THE PERIOD OF TIME THE SEXUAL ASSAULT WAS OCCURRING, PURSUANT TO 28 C.F.R. PART 115, STANDARD 115.6.

(7) UPON BEING REMOVED FROM THE CELL THE VIOLENT INMATE WAS LEFT INSIDE THE CELL, AND PROCEEDED TO PUT ALL OF MY LEGAL PROPERTY & DOCUMENTS INTO THE TOILET OF THE CELL. OFFICER POSTON WAS A MATERIAL WITNESS TO THESE EVENTS.

(8) PHOTOS WERE THEN TAKEN OF MY EXTENSIVE BODILY INJURIES BY WALTON MEDICAL STAFF, INCLUDING BUT NOT LIMITED TO CONTUSIONS COVERING MY TORSO AND LEGS, AND DEEP, ABNORMAL PUNCTURE WOUNDS TO MY HANDS & FEET. I SUFFER FROM BLURRED VISION OF MY LEFT EYE, AND RECURRING MIGRAINE STRENGTH HEADACHES, WHICH I CONTINUE TO SEE MEDICAL

ABOUT AS A RESULT OF THIS INCIDENT. (21)

(9.) I FORMALLY REQUESTED OUTSIDE CHARGES BE FILED AGAINST THIS INMATE, BUT TO THE BEST OF MY KNOWLEDGE & BELIEF, OUTSIDE AUTHORITIES WERE NEVER NOTIFIED.

(10.) I WAS NEVER ALLOWED TO FILE MY OWN INCIDENT REPORT IN THIS MATTER, AND HAVE NEVER BEEN PRIVY TO ANY OTHER REPORT OR DOCUMENT FILED BY THE SECURITY STAFF OF WALTON C.I. ALL INQUIRIES REGARDING THESE ISSUES BY AND THROUGH EITHER INFORMAL OR FORMAL INMATE GRIEVANCES HAVE FAILED TO BEEN RESPONDED TO BY WALTON C.I., OR THE OFFICE OF THE SECRETARY OF THE FL. DEP'T OF CORRECTIONS, RICKY DIXON.

(11.) THE ONLY RESPONSE I'VE GOTTEN IS ENCLOSED HEREWITH, FROM ASSISTANT WARDEN RALPH OF WALTON C.I., ADVISING ME TO CONTACT INVESTIGATOR MARQUIS.

(12) DESPITE MULTIPLE REQUESTS & GRIEVANCES TO INSPECTOR MARQUIS, HE HAS FAILED TO RESPOND IN ANY WAY. THE ENTIRE INCIDENT AND PREA CASE IS BEING "COVERED-UP" BY WALTON C.I., IN CONJUNCTION WITH THE SECRETARY'S OFFICE, LOCATED AT 501 SOUTH CALHOUN STREET, IN TALLAHASSEE, FLORIDA.

RESPECTFULLY SUBMITTED,

[signature]

DC# M86-232
WALTON CORRECTIONAL INSTITUTION
691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FL 32433

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JUL 29 2024
Department of Corrections
Bureau of Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Wilson, John J. — M86-232 — WALTON C.I.

Last First Middle Initial — DC Number — Institution

**Part A – Inmate Grievance** 24-6-23421

APPEAL OF DR # 108-241015

AFTER DULY APPEALING THE ABOVE CITED DR TO THE WARDEN WITHIN THE TIME ALLOWED, AND NOT RECEIVING AN ANSWER, NOTIFICATION OR CONFIRMATION REGARDING SAID APPEAL AS OF THIS DATE ON 7/24/24, I HEREBY APPEAL TO THE SECRETARY, RICKY DIXON, BASED ON MATERIALLY FALSIFIED D.O.C. REPORT ISSUED ON 7/2/24, WHICH STATED: "INMATE REFUSED TO APPEAR AT HIS DISCIPLINARY HEARING AND DID NOT SIGN FORM DC6-112D."

THE FACT IS I WAS DELIBERATELY OBSTRUCTED FROM ATTENDING DR COURT WHILE CONFINED TO CELL # H2109(U), TO PREVENT THE TRUE FACTS OF THE INCIDENT FROM COMING TO LIGHT THAT TRANSPIRED ON 6/25/24 AT 8:40 AM IN THE CLASSIFICATION HALLWAY OUTSIDE THE OFFICE OF MS. ARCH, CLASSIFICATION OFFICER. THE INCIDENT HAD SINCE BEEN REPORTED TO ASST. INVESTIGATOR GENERAL ARMSTRONG, AND THE SUBSEQUENT CAMPAIGN OF REPRISAL (INSTITUTED) AT WALTON C.I. AS A RESULT THEREOF.

7/24/24 — [signature] M86-232

DATE — SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / ____

\# Signature

**INSTRUCTIONS**

**This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).**

**When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the**

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Wilson, John | S. | M86-232 | Walton C.I. |
|---|---|---|---|
| Last First | Middle Initial | DC Number | Institution |

2407-108-023

**Part A – Inmate Grievance**

APPEAL OF DISCIPLINARY REPORT #108-241015

ON 7/2/2024 A FALSIFIED RECORD WAS FILED AT 6:58, STATING, "INMATE REFUSED TO APPEAR AT HIS DISCIPLINARY HEARING AND DID NOT SIGN FORM DC6-112D NOTING WAIVER OF RIGHT TO BE PRESENT AT DISCIPLINARY HEARING, WHICH WAS WITNESSED BY STAFF MEMBERS."

INMATE HEREFORTH RESPECTFULLY ADVISES ALL ADMINISTRATION ON THE PREMISES, WILSON WAS OBSTRUCTED FROM ATTENDING DR PROCEEDINGS, OR FROM DEFENDING HIMSELF, OR FROM BEING PRESENT, AGAINST HIS WILL, IN VIOLATION OF CHAPTER 33 RELATING TO INMATE'S DUE PROCESS ~~[illegible]~~ RIGHTS TO BE PRESENT AND ATTEND ALL PROCEEDINGS.

RELIEF REQUESTED

PLEASE DROP DR AND ALL RELATED SANCTIONS, INCLUDING REINSTATEMENT OF GAIN TIME

7/7/24 DATE

[signature] M86-232 SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ # ____ Signature

DISC 05-G

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the

**PART B - RESPONSE**

| WILSON, JOHN | M86232 | 2407-108-023 | WALTON C.I. | G1117(U) ~~T2111U~~ |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

YOU ARE GRIEVING DR LOG# 108-241015 WHICH YOU RECEIVED ON 06/25/2024 FOR 9-17 DISORDERLY CONDUCT,
YOUR GRIEVANCE HAS BEEN REVIEWED AND EVALUATED. A REVIEW OF THE DISCIPLINARY REPORT WAS CONDUCTED AND REFLECTS THE FOLLOWING.
1. YOU REFUSED TO PRESENT FOR YOU DR HEARING AS NOTED ON THE DC6-112D REFUSAL OF RIGHT TO BE PRESENT AT DISCIPLINARY HEARING AND REFUSED TO AFFIX SIGNATURE WHICH WAS WITNESSED BY TWO STAFF MEMBERS.
THE INFORMATION YOU PROVIDED IN THIS GRIEVANCE ARE FUNDAMENTALLY THE SAME AS THOSE YOU EITHER PRESENTED, OR WERE AFFORDED THE OPPORTUNITY TO PRESENT, TO THE DISCIPLINARY TEAM PRIOR TO THEIR DECISION. THERE WERE NO PROCEDURAL OR TECHNICAL ERRORS FOUND IN THE WRITING, INVESTIGATION, AND DISPOSITION OF THE DISCIPLINARY REPORT IN QUESTION. ANY WITNESS STATEMENT(S) AND EVIDENCE WERE CONSIDERED BY THE TEAM BEFORE RENDERING ITS DECISION.
YOU HAVE NOT PRESENTED SUFFICIENT EVIDENCE OR INFORMATION TO WARRANT OVERTURNING THE DISCIPLINARY REPORT.
BASED ON THE ABOVE YOUR GRIEVANCE IS BEING DENIED.

GRIEVANCE IS DENIED.

YOU MAY OBTAIN FURTHER REVIEW OF YOUR COMPLAINT BY PROPERLY COMPLETING A DC1-303, PROVIDING ATTACHMENTS AS REQUIRED BY CHAPTER 33-103 AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF INMATE GRIEVANCES, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FL 32399-2500.

| S. CARROLL *[signature]* | T. KNIGHT WARDEN *[signature]* AW acting | 07/12/2024 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

MAILED
JUL 19 2024
ASST. WARDEN PROGRAMS
WALTON CI

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number:
Team Number: 03
Institution: WALTON C.I.

TO: (Check One) ☐ Warden ☑ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Mental Health ☐ Dental ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John J. Wilson, JR. | M86-232 | H1105(L) | CONFINE. | 11/21/24 |

## REQUEST

Check here if this is an informal grievance ☑

DEAR A.W. RALPH — PLEASE BE RESPECTFULLY ADVISED, I FORMALLY REQUESTED TO PRESS CRIMINAL CHARGES AGAINST THE VIOLENT INMATE RESPONSIBLE FOR MY INJURIES DURING THE SEXUAL ASSAULT & BATTERY THAT TOOK PLACE IN CELL H1120 OF ADMINISTRATIVE CONFINEMENT ON FRI. 11/15/24 @ APPROX. 10:00PM.

TO THE BEST OF MY KNOWLEDGE, NO POLICE REPORT WAS DULY FILED, NOR WAS MY STATEMENT TAKEN OR A PREA OR INCIDENT REPORT FILED TO THE SEC. OF THE FLA. DEP'T OF CORRECTIONS, OR THE LOCAL POLICE DOCUMENTING SUCH ASSAULT.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: M86-232

DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: RECEIVED NOV 22 2024 ASST. WARDEN PROGRAMS WALTON C.I.

Received 11/22/2024. This must be documented by security & submitted as a MINS. — Inspector Marquis

[The following pertains to informal grievances only:

Based on the above information, your grievance is ____________________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): | Official (Signature): | Date: |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Wilson John J., DC# M86232
Walton Correctional Institution
691 Institution Rd.
DeFuniak Springs, FL 32433
LEGAL MAIL

Correctional
Institution

FIRST-CLA

US POSTAGE IMIPITNEY BOWES
ZIP 32433
02 7H
0006070546
$ 002.31⁰
DEC 04 2024

*Attention: (Clerk of Court, New Case Filing)
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT (Pensacola Division)
1 N. Palafox St.
Pensacola, FL 32502-5665

DEC 0 9 2024

Mailed From A

Provided to Walton CI
On 12·4·24 for Mailing
Date
By (officer initials) SH