UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN J. WILSON, JR.,

Plaintiff,

v. Case No. 3:24cv616-MW-HTC

RICKY DIXON, et al.,

Defendants.
_______________________/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff John J. Wilson, Jr., a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and a motion to proceed *in forma pauperis*,[1] Doc. 2. After reviewing Wilson's litigation history, the undersigned concludes the motion should be denied and this case should be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because Wilson is a three-striker who has neither paid the filing fee nor alleged he is in imminent danger of serious physical injury.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

---

[1] Wilson's complaint and motion are not on the Court's required forms. *See* N.D. Fla. Loc. R. 5.3 and 5.7(A). In addition, the motion is incomplete because it does not include a signed prisoner consent form or a 6-month inmate account statement, *see* 28 U.S.C. § 1915(a)(2).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Wilson is a three-striker, as he has brought at least three federal actions and appeals that were dismissed as frivolous or for failure to state a claim. *See Wilson v. Susarez*, Appeal No. 18-13735, Doc. 18 (11th Cir. Mar. 12, 2019) (dismissing appeal as frivolous); *Wilson v. Apex Reporting Grp., Inc.*, Appeal No. 18-12875, Doc. 19 (11th Cir. Jan. 7, 2019) (dismissing appeal as frivolous); *Wilson v. City of Miami Police Chief*, Appeal No. 16-16093, Doc. 17 (11th Cir. May 25, 2017) (dismissing appeal as frivolous); *Wilson v. City of Miami Police Chief*, Case No. 1:16cv20244-

FAM, Doc. 13 (S.D. Fla. Feb. 29, 2016) (dismissing complaint as barred by the statute of limitations pursuant to 28 U.S.C. § 1915A and § 1915(e) and, alternatively, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilson v. Carlos*, Case No. 1:15cv22098-MGC, Doc. 48 (S.D. Fla. Oct. 30, 2015) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)). All the above cases and appeals bear Wilson's FDOC inmate number (M86232), which confirms he filed them.

As Wilson has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Wilson's complaint fails to satisfy this standard. Wilson sues the Secretary of the FDOC and three supervisory officials at Walton Correctional Institution. Wilson alleges: (1) on the afternoon of November 15, 2024, he complained that his cellmate was a "mentally disturbed, psychotic inmate"; (2) Defendant Jackson decided not to separate Wilson and his cellmate; (3) Wilson was attacked and sexually assaulted by his cellmate later on November 15; and (4) the Defendants did not take appropriate action following the attack. Doc. 1. Regarding the aftermath of the attack, Wilson asserts the attack was not adequately investigated, an incident report was not filed, his grievances were not properly responded to, and local law enforcement was not notified to criminally charge the assailant.

Page 4 of 5

Wilson's allegations are not sufficient to satisfy the imminent danger exception to § 1915(g). First, the allegations regarding the November 15 attack do not show Wilson is *currently* in imminent danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."). Indeed, Wilson admits he was separated from his cellmate approximately fifteen minutes after the attack began. Doc. 1 at 19-20.

Second, the only allegations in the complaint conceivably relevant to the imminent danger inquiry are conclusory. Wilson asserts: (1) in one of his grievances, he claimed "my personal safety is in jeopardy by remaining at this camp," Doc. 1 at 8; and (2) "it is [Defendant] Jackson's practice to coerce inmates in confinement by creating dangerous and careless conditions by placing inmates in hazardous situations, in rooms with psychotic and disturbed inmates, and then putting the cell on 'strip,' whereby all clothing, hygiene, blanket, and sleeping mattresses are removed from the cell," Doc. 1 at 16. Neither of these allegations are specific enough to show that Wilson is currently in imminent danger of serious physical injury. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, (11th Cir. 2009) ("general assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a

pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Because Wilson has not paid the filing fee and has not alleged any specific facts supporting the existence of imminent danger, his complaint should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

1. Wilson's motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the Clerk close the file.

At Pensacola, Florida, this 11th day of December, 2024.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.