**FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

No. 25-10415

JOHN J. WILSON, JR.,

*Plaintiff-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
RALPH,
Assistant Warden Walton CI,
COLONEL JACKSON,
Walton CI,
MARQUIS,
Inspector of Walton CI,
POLICE CHIEF OF DEFUNIAK SPRINGS,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cv-00616-MW-HTC

Before JORDAN, JILL PRYOR, and KIDD, Circuit Judges.

KIDD, Circuit Judge:

Florida inmate John Wilson, Jr., filed a lawsuit challenging the conditions of his confinement and asked to have a portion of the filing fees deferred because he could not afford them. But this was not Wilson's first (second or third) lawsuit, and the Prison Litigation Reform Act has a "three-strikes" provision that would typically bar his filing another lawsuit without paying all of the fees upfront. *See* 28 U.S.C. § 1915(g). An exception to the three-strikes provision permits a lawsuit to proceed if the inmate sufficiently alleges imminent danger of serious physical injury.

A magistrate judge reviewed Wilson's complaint and recommended that the district judge dismiss it because Wilson had failed to overcome the three-strikes bar. Wilson filed objections to the recommendation, requested to amend his complaint, and included additional factual allegations relating to the imminent danger he faced. The district judge nevertheless dismissed Wilson's complaint without prejudice and without leave to amend.

This was an abuse of discretion. Liberally construing Wilson's objections should have led the district court to consider them either as amending the complaint, which Wilson had the right to do, or as a motion requesting leave to amend his complaint. We therefore vacate the order dismissing Wilson's complaint.

## I. BACKGROUND

Wilson filed a pro se complaint, pursuant to 42 U.S.C. § 1983, raising concerns about the conditions and safety of the facility where he was then housed. As relevant here, Wilson asserted that he was physically and sexually assaulted by his cellmate, who suffered from mental illness, after prison officials failed to separate them. Wilson alleged that the assault resulted in serious injuries, but he did not explicitly allege that he was in any imminent danger at the time he filed the suit.

Along with his complaint, Wilson requested leave to proceed in forma pauperis ("IFP"). Because Wilson was a state prisoner, he was subject to the filing-fee provisions of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(b). Pursuant to that statute, a magistrate judge, acting sua sponte, screened the complaint prior to its service upon the named defendants. *Id.* § 1915A(a).

Just days after the district court received the filings, the magistrate judge denied Wilson's IFP motion and issued a report and recommendation ("R&R") to dismiss Wilson's complaint. The magistrate judge concluded that Wilson could not proceed with the instant case without paying the filing fee because he: (1) had at least three federal actions that had been dismissed as frivolous or for failure to state a claim, and (2) failed to sufficiently allege that he was in imminent danger of serious physical injury. *Id.* § 1915(g). The magistrate judge also briefly noted that Wilson's IFP motion

did not contain necessary financial information and that his filings were not made on the appropriate forms.

Wilson filed objections to the R&R in which he supplemented the allegations included in his initial complaint. Specifically, Wilson asserted that the inmate who assaulted him was "wandering freely" in the prison and "making violent threats." He elaborated that the inmate had threatened "[his] life on prior [occasions]" and he feared that the inmate would injure him again. He also noted that he had filed a formal grievance because prison officials had failed to evaluate his safety concerns, and he maintained that the prison's "policy" of not physically separating him from the inmate created a "dangerous condition." Wilson further requested that the court provide him with the "necessary forms" and "plead[ed] for leave to amend the complaint."

The district judge adopted the R&R and dismissed Wilson's complaint without prejudice. In overruling Wilson's objections, the court stated that Wilson could not "amend his complaint by providing supplemental allegations in his [R&R] objections." This appeal followed.

## II. STANDARD OF REVIEW

While our Court generally evaluates § 1915(g) dismissals de novo, we review the denial of a request to amend a complaint for an abuse of discretion. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law."

*Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (citation modified).

## III. DISCUSSION

The PLRA allows indigent prisoners to proceed IFP in a civil action if they partially pre-pay the filing fee. 28 U.S.C. § 1915(a)(1), (b)(1)–(2). However, § 1915(g), which is commonly referred to as the "three-strikes" provision, "generally bars a prisoner from proceeding IFP if he has previously filed three or more meritless lawsuits." *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017). Wilson does not dispute that he has three qualifying strikes under § 1915(g). Instead, we must determine whether Wilson satisfied "the sole exception to the three strikes bar": when the prisoner alleges "imminent danger of serious physical injury" at the time of filing suit. *Id.* (quoting 28 U.S.C. § 1915(g)); *see Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021).

Generally, in determining whether a prisoner has demonstrated imminent danger, our "Court looks to the complaint, construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311. We assume that the allegations in Wilson's initial complaint were insufficient to meet his burden. *See id.* (explaining that a prisoner must assert "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" (citation modified)). But "the operative question under § 1915(g) is always whether *some* timely filing avers facts suggesting a prisoner was under imminent danger of serious physical injury at the time he

brought his complaint." *Asemani v. U.S. Citizenship & Immigr. Servs.*, 797 F.3d 1069, 1075 (D.C. Cir. 2015) (citation modified). And notably, the complaint was not the only filing before the district court to suggest that Wilson was in potential danger of imminent physical harm when he initiated this action.

Wilson filed what were nominally objections to the R&R. Yet we must remember that courts "have an obligation to look behind the label" of filings when determining what relief is sought by a pro se litigant. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (explaining that a pro se movant's mislabeling of a post-conviction motion "[wa]s not fatal to his claim" and courts should "determine whether [a] motion is, in effect, cognizable under a different remedial statutory framework"). And pro se filings, such as Wilson's R&R objections, are to be afforded liberal construction. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

In this case, Wilson's R&R objections specifically "plead[ed] for leave to amend the complaint" and set forth supplemental factual allegations that could be included in an amendment. We begin by observing that the Federal Rules of Civil Procedure allow a party to amend a complaint "once as a matter of course no later than" twenty-one days after service of the complaint or a responsive pleading, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)–(B). Nothing in the PLRA alters this rule. *See Brown*, 387 F.3d at 1349, 1352 (finding an abuse of discretion where the district court denied a pro se prisoner's motion to amend filed before any responsive

pleadings, and the proposed amended complaint sufficiently alleged imminent danger and plausibly alleged a claim for relief).

The magistrate judge screened Wilson's complaint just two days after the district court received it and before any of the named defendants had been served. Therefore, at the time of filing his R&R objections, Wilson still possessed his Rule 15(a) right to amend his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

In addition to requesting leave to amend his complaint, Wilson's objections to the R&R also asserted that he feared for his safety because an inmate who had previously violently assaulted him was freely roaming the prison and actively making threats. He further alleged that prison officials were not taking any action on this matter. These specific facts support Wilson's contention that he was in imminent danger of serious physical injury at the time he brought this action and thus qualified for the PLRA exception. *See Daker*, 999 F.3d at 1310–11; *Mitchell*, 873 F.3d at 872. But the district court did not consider these additional facts.

We acknowledge that Wilson's R&R objections were not the model of clarity. But we do not require absolute precision from pro se parties. They are often unfamiliar with the procedural formalities of federal court, and they sometimes request relief—to which they are entitled—in unconventional ways.

In this case, we conclude that the district court had two options when undertaking its review of Wilson's R&R objections: (1) treat the filing as a supplement to the complaint, which Wilson

had the right to amend, and consider the new factual allegations in the first instance, *or* (2) construe the filing as a motion to amend and analyze whether such relief was warranted. *See, e.g.*, *Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 135 n.1 (5th Cir. Apr. 1981) (construing a pro se plaintiff's "Motion in Support" of his original complaint as an amendment to the initial pleading); *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. Unit A June 1981) ("Since the district court was willing to accept [the pro se litigant's] letters to the judge as pleadings, those written after the court rules should have been construed as 'an amendment to his complaint or an addition in the nature of an amendment.'" (quoting *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979))).

The court's failure to provide either avenue for relief in this case amounted to an abuse of discretion, which requires us to vacate the order dismissing Wilson's complaint. *See Brown*, 387 F.3d at 1347.

## IV. CONCLUSION

We **VACATE** the district court's order dismissing Wilson's complaint and **REMAND** for further proceedings.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 21, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-10415-GG
Case Style: John Wilson, Jr. v. Secretary, Florida Department of Corrections, et al
District Court Docket No: 3:24-cv-00616-MW-HTC

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. The Court has proposed amending 11th Cir. R. 40-1 (Number of Copies) to no longer require paper copies of a petition for panel rehearing or a petition for rehearing en banc. Based on the proposed amendment, other than an original petition filed in paper by a non-electronic filer, **parties are asked not to submit any paper copies** of a petition for panel rehearing or a petition for rehearing en banc.

Costs
Each party to bear its own costs.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |